THE MAYOR AND CITY COUNCIL OF NASHVILLE v.
THE FIRST NATIONAL BANK.

1. COUPONS. *On city bonds. Bond need not be produced.* A coupon
may be negotiated after it has been separated from the bond, as
an independent security, and it is not necessary to produce the
bond to entitle the holder to recover.
Cases cited: Com. of Knox Co. Ind., v. Aspinwall, 21 Howard,
539; Thompson v. Lee County, 3 Wall., 327; Arents v. Com. of
Va., 18 Grattan, 767.
2. SAME. *Demand and protest.* The coupons are intended as evi-
dence that the holder is entitled to receive the amount at the
time and place specified, and whatever their form, the legal
effect is the same; and formal demand and protest is not neces-
sary to maintain suit against the maker.
Cases cited: 18 Grattan Va. Rep., 750.
3. SAME. *Interest allowed. When.* While if it should appear that
the defendants held funds to pay the coupons at maturity, they
might not be chargeable with interest until demand was made;
but if it be shown that the defendants provided no funds and
made no provisions for their payment, no demand is necessary,
and the coupons being for the payment of a fixed sum at a
given day, will bear interest from that date like a promissory
note.
Cases cited: 54 Penn., 94, and the authorities before referred to.

FROM DAVIDSON.

Appeal from the Circuit Court.    EUGENE CARY,
Judge.

SILAS F. ALLEN for Mayor, etc.

MICHAEL VAUGHN for First National Bank.

McFARLAND, J., delivered the opinion of the Court.

The bank sues as the holder of thirty-four interest
coupons, alleged to have been cut from bonds of the

corporation of Nashville, issued under authority of law. The coupons are from three different classes of bonds, and differ in form. One class is signed by the Mayor, and is for the payment of $30 to bearer in the city of New York, being a half year's interest due at a day stated on bond No. ——, "Nashville improvement bond." Another class are styled interest warrants, and are signed by the Treasurer, payable at the corporation's own office, or at the Bank of Manhattan County, New York. The third class are in the following form: "To the cashier of the Phœnix Bank, New York: Pay the bearer thirty dollars, being a half a year's interest due 1st October, 1866, on bond No. 485 of the Nashville Railroad bonds. Signed, V. K. Stevenson, Pres't." Stevenson was the President of the Nashville and Chattanooga Railroad Company.

One bond was introduced in evidence. It is duly executed by the proper city authority, and is payable to the Nashville and Chattanooga Railroad Company, and in the body of the bond is an obligation to pay the coupons attached. To this bond is a coupon attached in the form last above set forth, signed by Stevenson, President. It is argued, as to this last class of coupons, that as they do not purport to have been executed by the proper authority of the city corporation, no recovery can be had without showing that they were in fact cut from the bonds of the company. That the proof only shows this as to the one coupon attached to the bond introduced in evi-

dence.   Bonds of this character have greatly increased of late years, and form a large proportion of the securities of trade and commerce.

A coupon may be negotiated after it has been separated from the bond as an independent security, and it is not necessary to produce the bond to entitle the holder to recover.   See *Com. of Knox Co., Ind.,* v. *Aspinwall,* 21 Howard, 539; *Thompson* v. *Lee County,* 3 Wallace, 327; *Arents* v. *Commonwealth of Virginia,* 18 Grattan, p. 767.

This is almost a matter of necessity, for in the great majority of cases, or at least in many cases, it would be almost impossible for the holder of the coupon to produce the bond itself.

These coupons are made profert of in the declaration, and it is averred that they were cut from the bonds of the corporation, and one bond of this class is produced, showing the coupon in this precise form. There is no plea especially denying that the coupons are genuine, and we think the evidence sufficient to entitle the holder to recover.

It is next argued that as these coupons are in the form of orders or checks, there can be no recovery without demand and protest.   They are a class of securities in some respects differing from all others. They are intended as evidences that the holder is entitled to receive the amount at the time and place specified, and whatever their form, their legal effect is the same.   18 Grattan Va. Rep., 750.   Though they be in the form of an order or draft, they are

Mayor and City Council of Nashville *v.* First National Bank.

coupons, and subject to the same rules applicable to this class of securities. It would be alike inconvenient and contrary to all usage and custom, to require each coupon to be formally protested before suit can be maintained against the maker.

It is next argued that as to the coupons in the form of an order or draft, no interest should be allowed, until after demand was made. If it should appear that the defendants held the funds ready to pay the coupons at maturity, it would not seem reasonable to charge them with interest until demand was made, for they could not know who held the coupons, nor could they pay them until presented. But in this case it was shown that the defendants provided no funds and made no provision for their payment.

In such cases the authorities seem to establish that no demand is necessary, and the coupons being for the payment of a fixed sum at a given day, will bear interest from that date like a promissory note. 54 Penn., 94, and the authorities before referred to.

This seems to us to be sound doctrine. It is not denied in argument by the counsel of the city that the coupons, other than these in the form of an order, bear interest from maturity, and though different in form, we hold their legal effect to be the same.

Affirm the judgment.